UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                                                  Date: May 16, 2022

Title   *Alonzo McKinney v. Unknown*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A          Attorneys Present for Respondent: N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On April 22, 2022, Alonzo McKinney ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus ("Petition"), along with a document titled, "Motion for New Trial" ("Motion").  (Dkt. Nos. 1-2.)  According to the Petition, Petitioner is challenging his 1997 conviction for violation of California Penal Code Section 245.  (Petition at 1.)[1]  Petitioner states that he received a Three Strikes sentence and appealed his conviction.  (*Id.* at 1-2.)  In *People v. McKinney*,[2] the California Second District Court of Appeal explained the basis for Petitioner's current confinement:

> In *People v. McKinney* (Dec. 1, 1998, B115835) [nonpub. opn.] ), we affirmed [Petitioner's] conviction in the current case of assault with a deadly weapon or force likely to produce great bodily injury upon a peace officer, Robert Staggs, in violation of Penal Code section 245, subdivision (c) (count 1), and resisting an executive officer, Robert Staggs, in violation of section 69 (count 2). Based on [Petitioner's] prior serious felony convictions for robbery in May 1986 and September 1988, the superior court imposed a Three Strikes sentence of 25 years to life. (§§ 211; 667, subd. (b)-(i); 1170.12, subds. (a)-(d).) [Petitioner] is presently serving that sentence.

*Id.* (footnotes omitted).
/ /
/ /

---

[1]   For ease of reference, the Court cites to the page numbers assigned by the Court's electronic case filing.

[2]   No. B280346, 2017 WL 5248193, at *1 (Cal. Ct. App. Nov. 13, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                                                  Date: May 16, 2022

Title   *Alonzo McKinney v. Unknown*

    The Petition and attached Motion are largely incoherent, but the Petition appears to state that Petitioner is challenging his 1997 conviction based on newly discovered evidence. (*See* Petition at 4.)[3] In the twenty-four years since Petitioner's conviction, Petitioner has filed more than a dozen prior habeas petitions in this district, including: *Alonzo McKinney v. G. Newsom*, 2:20-cv-10736-JGB-KS (Jan. 15, 2021) (habeas petition challenging 1997 conviction dismissed as second or successive); *Alonzo McKinney v. G. Newson*, 2:19-cv-04059-JGB-KS (Jun. 14, 2019) (habeas petition challenging 1997 conviction dismissed as second or successive); *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM (Jul. 2, 2018) (habeas petition challenging 1997 conviction based on grounds of newly discovered evidence dismissed as second or successive); *Alonzo McKinney v. G. Smith*, 2:17-cv-02578-JAK-FFM (Dec. 1, 2017) (challenging multiple convictions, including 1997 conviction on grounds of newly discovered evidence); *Alonzo McKinney v. Christian Pfeiffer*, 2:15-cv-05268-JAK-MAR (Mar. 21, 2017) (challenging 1997 conviction); *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB (Mar. 24, 2014) (challenging 1997 conviction); *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB (Jul. 6, 2013) (challenging 1997 conviction); *Alonzo McKinney v. People of the State of California*, 2:10-cv-01932-GAF-FMO (Apr. 8, 2010) (challenging 1997 conviction); *Alonso McKinney v. A K Scribner*, 2:05-cv-00659-SJO-FMO (Feb. 7, 2005) (dismissing habeas petition for lack of jurisdiction); *Alonzo McKinney v. United States of America*, 2:04-cv-09221-RMT-FMO (Dec. 16, 2004) (dismissing habeas petition for lack of jurisdiction); *Alonzo McKinney v. D.D. Ortiz et al*, 2:04-cv-03614-GAF-FMO (Jun. 9, 2004) (dismissing habeas petition for lack of jurisdiction); *Alonzo McKinney v. Ernie Roe et al*, 2:01-cv-01008-RMT-EE (Jul. 5, 2001) (challenging a 1986 conviction); *Alonzo McKinney v. Lancaster State*, 2:00-cv-12831-RMT-EE (Apr. 20, 2001) (challenging 1988 first-degree robbery conviction); *Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS (Mar. 22, 2001) (habeas petition challenging 1997 conviction denied on

---

[3]    It is unclear if Petitioner is attempting to allege that a court clerk erred in one of his prior cases. (*See* Petition at 4-5.) Petitioner cites to *McKinney v. Rianda, et al*, 2:04-cv-00913-FCD-JFM ("*Rianda*") (Petition at 1, 4, 5) and appears to assert that a clerk erred by not filing a habeas petition (Petition at 4-5). *Rianda* was a 42 U.S.C. § 1983 action filed by Petitioner in the Eastern District of California that was subsequently transferred to the Central District of California. (*See Alonzo McKinney v. Linda L Rianda et al*, 2:05-cv-05846-RMT-FMO.) On December 28, 2007, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of *Rianda* for failure to state a claim. *See McKinney v. Rianda*, 262 F. App'x 785 (9th Cir. 2007). Petitioner's limited allegations regarding a court clerk do not sound in federal habeas corpus because they would not necessarily lead to Petitioner's immediate or speedier release even if they were true. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). Indeed, this Court has previously informed Petitioner that court clerks are "entitled to immunity from damages for civil rights violations for tasks that are integral to the judicial process." (*Alonzo McKinney v. Unknown*, 2:21-cv-03658-JGB-KS, Dkt. No. 7 at 1-2 [citing *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                         Date: May 16, 2022

Title   *Alonzo McKinney v. Unknown*

the merits with prejudice); *Alonso McKinney v. Lennox, et al*, 2:00-cv-00492-JGB-KS (Nov. 8, 2000) (challenging 1997 conviction but citing to dismissed criminal cases).[4]

Petitioner's prior habeas petitions include a March 30, 1999 petition attacking Petitioner's 1997 conviction for the assault on Deputy Staggs and the resulting sentence of 25 years to life (the "March 1999 Petition"). (*See Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS, Dkt. No. 1.)  The March 1999 Petition was denied on the merits with prejudice. (*See id.*, Dkt. Nos. 36-38.)  Six of Petitioner's prior habeas petitions that challenged his 1997 conviction have been dismissed as second or successive. (*See Alonzo McKinney v. G. Newsom*, 2:20-cv-10736-JGB-KS; *Alonzo McKinney v. G. Newson*, 2:19-cv-04059-JGB-KS; *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM; *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB; *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB; *Alonzo McKinney v. People of the State of California*, 2:10-cv-01932-GAF-FMO.)

For the following reasons, the Court orders Petitioner to show cause, no later than June 6, 2022, why the Petition should not be dismissed.

**DISCUSSION**

**I.     Habeas Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128.  A habeas court must give a petitioner notice of

---

[4]     The Court takes judicial notice of the records in: (1) *Alonzo McKinney v. G. Newsom*, 2:20-cv-10736-JGB-KS; (2) *Alonzo McKinney v. G. Newson*, 2:19-cv-04059-JGB-KS; (3) *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM; (4) *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB; (5) *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB; (6) *Alonzo McKinney v. People of the State of California*, 2:10-cv-01932-GAF-FMO; and (7) *Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                                      Date: May 16, 2022

Title     *Alonzo McKinney v. Unknown*

the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*

**II.     The Petition Fails to Satisfy the Pleading Standard of Habeas Rule 2**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011).  Habeas Rule 2(c) imposes a "more demanding" pleading standard.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner.  *See id.*  The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error."  *Id.*; Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Although the Court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).  Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

The Petition violates Rule 2.  Petitioner fails to provide crucial information in the Petition, and as a result, it is impossible to determine the grounds of Petitioner's claims for habeas relief and whether the Court can hear the Petition.  For example, Petitioner checked a box to indicate that he directly appealed his 1997 conviction, but in his answer to the section that requests the name of the appellate court, Petitioner merely wrote "SEE CLERK OF CT."  (Petition at 2.)  In the following sections, which ask Petitioner to provide information about his subsequent appeals, Petitioner merely wrote "SAME ABOVE" and "N/A."  (*Id.* at 2-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                                             Date: May 16, 2022

Title      *Alonzo McKinney v. Unknown*

   Most importantly, Petitioner fails to specify his grounds for relief and fails to allege facts that would support each ground.  At best, the Court can discern that the Petition raises a sole ground for relief, i.e., "nEwly DiSCOVER EVidENCE."  (*Id*. at 4[5] [errors in original].)  However, Petitioner does not provide any facts to support this ground, and it is unclear what new evidence Petitioner may have discovered.  Furthermore, the Petition fails to explain how the fact or duration of Petitioner's custody violates the U.S. Constitution.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (noting that "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" (internal quotation marks and citations omitted)).

   In sum, the Court cannot discern the nature of Petitioner's claims and, as a result, the Court cannot determine whether it has jurisdiction to consider the Petition.  Even construed liberally, Petitioner's allegations are too vague to point to "a real possibility of constitutional error."  *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491. Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

   **III.   The Petition Is Subject to Dismissal Because It Fails to Name a Proper Respondent**

   A petitioner seeking federal habeas relief under 28 U.S.C. § 2254 must name the "state officer having custody" of him as the respondent to the petition.  *See Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (citing 28 foll. U.S.C. § 2254 Rule 2(a)).  "Failure to name the correct respondent destroys personal jurisdiction."  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  The proper respondent is typically the warden of the facility where a petitioner is incarcerated.  *Stanley*, 21 F.3d at 360.

   Here, Petitioner fails to name any individual as respondent.  (*See* Petition at 1.)  Instead, Petitioner wrote "N/A" under "Name of Respondent."  (*Id.*)  Accordingly, Petitioner's failure to name a proper respondent subjects the Petition to dismissal for lack of personal jurisdiction.
/ /
/ /
/ /

---

[5]   The rest of the Petition is riddled with incoherent statements and allegations concerning a civil complaint and court clerk.  (*See* Petition at 4-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                                                 Date: May 16, 2022

Title       *Alonzo McKinney v. Unknown*

**IV.     The Petition Is Subject to Dismissal Because It Appears to Be Second or Successive**

As noted above, Petitioner has repeatedly challenged his 1997 conviction and sentence in federal habeas petitions filed in this Court. (*See, e.g.*, *Alonzo McKinney v. G. Newsom*, 2:20-cv-10736-JGB-KS; *Alonzo McKinney v. G. Newson*, 2:19-cv-04059-JGB-KS; *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM; *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB; *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB; *Alonzo McKinney v. People of the State of California*, 2:10-cv-01932-GAF-FMO; *Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS.)  In particular, Petitioner filed the March 1999 Petition which challenged his 1997 conviction, and that petition was denied on the merits. (*See Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS.)

State habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. §§ 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and 2244(b)(2) (with exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *and see Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

Even when § 2244(b) provides grounds for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

On March 22, 2001, United States District Judge Robert M. Takasugi dismissed the March 1999 Petition on the merits with prejudice. (*See Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS, Dkt. Nos. 37-38.)  Accordingly, to the extent that Petitioner is now challenging his 1997 sentence/judgment, the current Petition is second or successive within the meaning of § 2244(b).  Petitioner has not alleged, and a search of court records does not indicate,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                                     Date: May 16, 2022

Title    _Alonzo McKinney v. Unknown_

that Petitioner received leave from the Ninth Circuit to bring a second or successive § 2254 petition. Indeed, the Court's research indicates that the Ninth Circuit denied Petitioner's Application for Permission to File a Second or Successive Habeas Corpus Petition on January 18, 2019. (_See_ Ninth Circuit Docket in Case No. 18-71914.) There, Petitioner also alleged that he had discovered new evidence. (_See id._, Dkt. No. 2-2 at 6.) Thus, here too, the Petition appears to be an unauthorized second or successive § 2254 petition and the Petition must be dismissed because the Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); _see also Burton_, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

**ORDER TO SHOW CAUSE**

**Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE no later than June 6, 2022, why the Petition should not be dismissed for violating Habeas Rule 2, failing to name a proper respondent, and for constituting an unauthorized second or successive petition.** To discharge this Order and proceed with this action, Petitioner shall file, no later than the June 6, 2022 deadline, a First Amended Petition that does all of the following:

(1) <u>Either</u> explains why the Petition does not satisfy the definition of a second or successive petition <u>or</u> demonstrates that the Ninth Circuit has authorized Petitioner to file this second or successive petition;

(2) Clearly identifies the conviction or other judicial action being challenged, including the date of the conviction (or other judicial action) and the court and year in which it occurred;

(3) Clearly identifies a proper respondent; <u>and</u>

(4) Explains how the conviction or other judicial action being attacked violates the Constitution or the laws of the United States. Petitioner is reminded that, without more, it is not sufficient to simply cite to a constitutional amendment. Instead, "[i]t is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." _See_ Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2722-JGB (KS)                                                             Date: May 16, 2022

Title   _Alonzo McKinney v. Unknown_

Committee's Note on Habeas Corpus Rule 4.  Petitioner is also reminded that federal habeas corpus relief is not available to remedy errors of state law, and the Court is limited to deciding whether Petitioner's sentence or conviction violated the Constitution, laws, or treaties of the United States.  _See Estelle_, 502 U.S. at 67-68.

Further, in filing a First Amended Petition, **Petitioner is strongly encouraged to use the Central District's form habeas petition**, and the Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**Finally, Petitioner is expressly warned that his failure to timely comply with this Order and file a First Amended Petition that shows cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |